UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAZDAK POURABDOLLAH
TOOTKABONI and
ARGHAVAN LOUHGHALAM,

    Petitioners,

v.

DONALD TRUMP, President of
The United States, et al.,

    Respondents

CIVIL ACTION NO. 17-cv-10154

## TEMPORARY RESTRAINING ORDER
January 29, 2017

BURROUGHS, U.S.D.J.

On January 28, 2017 the Petitioners filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.

After consideration of the written submissions, arguments of counsel, and the hearing held on January 28-29, 2017, the Court hereby finds as follows:

1. The petitioners have met their burden of establishing a strong likelihood of success in establishing that the detention and/or removal of the petitioners and others similarly situated would violate their rights to Due Process and Equal Protection as guaranteed by the United States Constitution;

2. Absent a stay of removal, petitioners and others similarly situated, including lawful permanent residents, citizens, visa-holders, approved refugees, and other individuals from nations who are subject to the January 27, 2017 Executive Order, are likely to suffer irreparable harm.

3. The balance of harms favors the issuance of this temporary restraining order and its issuance is in the public interest.

NOW, THEREFORE, IT IS HEREBY ORDERED

I. that respondents, their officers, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them:

a) shall limit secondary screening to comply with the regulations and statutes in effect prior to the Executive Order, including 8 U.S.C. § 1101(a)(13)(C);

b) shall not, by any manner or means, detain or remove individuals with refugee applications approved by U.S. Citizenship and Immigration Services as part of the U.S. Refugee Admissions Program, holders of valid immigrant and non-immigrant visas, lawful permanent residents, and other individuals from Iraq, Syria, Iran, Sudan, Libya, Somalia and Yemen who, absent the Executive Order, would be legally authorized to enter the United States;

c) to assure compliance with this Order, the United States Marshal for the District of Massachusetts shall be served with this Order and is further directed to take those actions deemed necessary to enforce this Order; and

d) Customs and Border Protection shall notify airlines that have flights arriving at Logan Airport of this Order and the fact that individuals on these flights will not be detained or returned based solely on the basis of the Executive Order.

II. This Order shall remain in effect for a period of seven (7) days from the date of this Order. The Court shall schedule a hearing prior to the expiration of this Order.

III. Petitioners shall file an Amended Complaint by January 30, 2017.

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

/s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

January 29, 2017

[3]