**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

ARGHAVAN LOUHGHALAM and
MAZDAK POURABDOLLAH TOOTKABONI
   *Plaintiff-Petitioners,*

FATEMEH YAGHOUBI MOGHADAM,
BABAK YAGHOUBI MOGHADAM,
ALI SANIE, ZAHRASADAT MIRRAZI
RENANI, LEILY AMIRSARDARY, and
OXFAM AMERICA, INC.
   *Plaintiffs,*

and                  No.17.cv-10154-NMG

COMMONWEALTH OF MASSACHUSETTS
and UNIVERSITY OF MASSACHUSETTS,
   *Plaintiff-Intervenors,*

       v.

DONALD TRUMP, President of the United
States; U.S. DEPARTMENT OF HOMELAND
SECURITY ("DHS"); U.S. CUSTOMS AND
BORDER PROTECTION ("CBP"); JOHN
KELLY, Secretary of DHS; KEVIN K.
MCALEENAN, Acting Commissioner of CBP;
and WILLIAM MOHALLEY, Boston Field
Director, CBP,
   *Defendants.*

I, Jeffrey N. Catalano, Esq., hereby declare and affirm,

  1.  I am the President of the Massachusetts Bar Association ("MBA").

  2.  The MBA which has long supported equal justice and the due process of law as

guaranteed by the United States Constitution and its Bill of Rights and the Massachusetts

Constitution and its Declaration of Rights of Inhabitants of the Commonwealth, recently

reaffirmed its support for and commitment to fundamental Constitutional, statutory and

procedural rights and due process protections in the detention or deportation of immigrants who are subjects of Massachusetts.

3. Specifically, the MBA's House of Delegates, which is the Association's governing body, recently voted to approve an Immigration Resolution (attached) which endorses actions by the federal government, and where applicable, the Commonwealth, that among other things "[e]nsure that appropriate legal measures are taken to prevent and prohibit any discriminatory immigration-related enforcement practices by federal, state, or local law enforcement officials or agents that target or profile persons based on their race, ethnicity, national origin, religion, sexual orientation, gender identity or gender expression."

4. In addition, the Resolution endorses governmental actions that "[c]ontinue, until adoption of comprehensive immigration reform legislation, immigration enforcement programs that protect certain immigrants residing in Massachusetts from detention or deportation and prevent expansive detentions or deportations that result in family separations and negatively impact the education of students."

5. Consistent with those principles, and for the reasons stated in the Motion of the Commonwealth and the University of Massachusetts to intervene as plaintiffs in the matter of *Pourabdollah et al. v. Donald Trump, President of the United States* (Case No. 17-10154) currently pending in the United States District Court for the District of Massachusetts, the MBA strongly supports the Motion and pleadings of the Commonwealth and the University of Massachusetts to intervene as plaintiffs.

6. The MBA is concerned that the President's Executive Order will likely cause unfair discrimination against individuals from selected countries of national origin and will result in family separations and negatively impact the education of students, including law

students, in the state of Massachusetts, measures which are incompatible with the MBA's Immigration Resolution.

7. It is well-known that law schools in Massachusetts have faculty, students, and visiting scholars who are from many of these impacted countries. This includes the recently accredited University of Massachusetts School of Law, which is the only public law school in the Commonwealth of Massachusetts. This Order could detrimentally impact the ability of University of Massachusetts School of Law, as well as other private Massachusetts law schools, to attract and retain many faculty and students who seek a legal education in the Commonwealth.

8. This thereby deprives the University of Massachusetts School of Law from obtaining the benefit of their unique contributions to education and to the profession at large.

9. In addition, the MBA is concerned that this Order potentially disrupts the practice and business of law in Massachusetts and the ability of lawyers to effectively represent international clients as required under Supreme Judicial Court Rule 3:07 of the Massachusetts Rules of Professional Conduct.

10. The Preamble and Scope of Supreme Judicial Court Rule 3:07, which governs the practice of law, recognizes that an attorney is not only a representative of their client but also serves as "an officer of the legal system, and a public citizen having special responsibility for the quality of justice" afforded to subjects of the Commonwealth. Additionally, "lawyers play a vital role in the preservation of society." Allowing the Commonwealth of Massachusetts and its Attorney General to intervene will ensure that the obligation of attorneys to fulfill Rule 3:07 will be preserved.

11. It is undeniable that there are many foreign attorneys practicing in Massachusetts from some of the countries impacted by the Order. In addition, American lawyers and law firms are increasingly doing business on a global basis, with offices in foreign countries. This includes many established Boston law firms and national law firms with a significant Boston presence. It has been widely reported and factually known that these firms represent many multi-national companies, international financial institutions, developers and investors on transactions beyond U.S borders. As a result, Massachusetts firms hire foreign lawyers to provide expertise in the law of these foreign jurisdictions. In addition, many attorneys from the impacted countries frequently are required to travel internationally to these countries.

12. This was reaffirmed by the American Bar Association Commission on Ethics 20/20, which noted that there has been a major increase in "transnational legal practice driven by technology and globalization" and that "the realities of the 21st century legal practice have resulted in an increase in foreign lawyers seeking to provide legal services to their clients in the U.S. (as well as concurrent increase in the efforts of U.S. lawyers and law firms to do the same abroad)."

13. Finally, to the extent that the Order will necessitate additional pro bono legal services from immigration attorneys to represent individuals affected by the Order, there are currently inadequate resources and attorneys available to provide effective representation to all such individuals. This increases the risk that due process will not be afforded to those individuals who are impacted by the Order.

14. For the reasons that the Executive Order presents a significant potential of disrupting the legal profession in the Commonwealth and of putting Massachusetts at an international competitive disadvantage, and for the reasons articulated in the MBA's

Immigration Resolution, the MBA supports the Motion of the Commonwealth and University of Massachusetts to Intervene.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF FEBRUARY 2017.

/s/ Jeffrey N. Catalano
Jeffrey N. Catalano, Esq.
President
Massachusetts Bar Association

As authorized by:

/s/ Martin W. Healy
Martin W. Healy (BBO # 553080)
Chief Legal Counsel and Chief Operating Officer
Massachusetts Bar Association

4847-4309-3057, v. 1