UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARGHAVAN LOUHGHALAM and,<br>MAZDAK POURABDOLLAH<br>TOOTKABONI<br><br>      Plaintiff-Petitioners,<br><br>ZAHRASADAT MIRRAZI RENANI,<br>LEILY AMIRSARDARY, OXFAM<br>AMERICA INC., ALI SANIE, FATEMEH<br>YAGHOUBI MOGHADAM, and<br>BABAK YAGHOUBI MOGHADAM<br><br>      Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, U.S. CUSTOMS<br>AND BORDER PROTECTION, JOHN KELLY,<br>KEVIN K. MCALEENAN, WILLIAM<br>MOHALLEY, and U.S. DEPARTMENT OF<br>HOMELAND SECURITY<br><br>      Defendants. | Civil Action No. 1:17-cv-10154-NMG |

**MOTION BY EIGHT MASSACHUSETTS INSTITUTIONS OF HIGHER EDUCATION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Trustees of Boston College ("Boston College"), Trustees of Boston University ("Boston University"), Brandeis University, President and Fellows of Harvard College ("Harvard University"), Massachusetts Institute of Technology ("MIT"), Northeastern University, Trustees of Tufts College ("Tufts University"), and Worcester Polytechnic Institute ("WPI") (collectively, "*amici*") respectfully move for leave to submit the attached *amici curiae* brief in support of the plaintiffs' complaint for declaratory and injunctive relief.

1

*Amici*, eight Massachusetts institutions of higher education, educate tens of thousands of students from across the country and the world.[1]  They employ professors, researchers, and lecturers—many of whom are citizens of other countries—to teach students, to conduct groundbreaking research, and to share their unique perspectives on a range of issues.

*Amici*'s ability to succeed as institutions of higher education depends, in large part, on the ability of students and scholars to collaborate across borders.  The Executive Order at issue in this case imperils that exchange and will have damaging repercussions for *amici*, for all other similarly situated academic institutions, and, ultimately, for the nation and the world as a whole.  The attached *amici curiae* brief seeks to provide insight into these repercussions from the unique perspective of institutions of higher education.

Although the local rules do not address the issue of *amicus curiae* briefs, federal district "courts have inherent authority and discretion to appoint amici."  *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006).  Indeed, district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved," *NGV Gaming, Ltd. V. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), particularly when the *amicus* has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).  *Amici*'s attached brief meets these standards.

In deciding whether to permit an *amicus* to file a brief, federal courts often consider whether the potential *amicus* has attempted to obtain consent to the filing and whether in fact the

---

[1] A more comprehensive description of each of the eight *amicus* institutions is provided in Exhibit 1.  Statements from a representative of each *amicus* institution addressing the Executive Order are included in Exhibit 2.

parties have consented.  *See, e.g.*, *Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003) (denying leave to file an *amicus* brief in part because both parties submitted motions in opposition).  Here, in accordance with Local Rule 7.1(a)(2), *amici* have sought and obtained consent from the plaintiffs and from the Commonwealth of Massachusetts, and the government has communicated to *amici* that it does not object to the filing.

    Finally, although the local rules do not provide any guidance as to the length of an acceptable *amicus curiae* brief, we have used both the Federal Rules of Appellate Procedure (Fed. R. App. P. 29(a)(5) and 32(a)(7)(B)) and Local Rule 7.1(b)(4) for reference and have, accordingly, limited our brief to fewer than twenty pages and fewer than 6,500 words.

    For all these reasons, *amici* request that the Court grant this motion and accept the attached *amici curiae* brief for filing.

| | |
|---|---|
| February 3, 2017 | Respectfully Submitted, |
| | |
| | COUNSEL FOR *AMICI CURIAE* MASSACHUSETTS UNIVERSITIES, |
| | |
| | By: /s/ Alan D. Rose |
| | Alan D. Rose |
| | Rose, Chinitz & Rose |
| | One Beacon Street, 23rd Floor |
| | Boston, MA 02108 |
| | Tel: (617) 536-0040 |
| | Fax: (617) 536-4400 |
| | adr@rose-law.net |
| | |
| | Brad D. Brian (California Bar #79001) |
| | *Pro Hac Vice pending* |
| | Michael R. Doyen (California Bar #119687) |
| | *Pro Hac Vice pending* |
| | Munger, Tolles & Olson LLP |
| | 355 South Grand Avenue, 35th Floor |
| | Los Angeles, CA 90071 |
| | Tel: (213) 683-9100  Fax: (213) 687-3702 |

Brad.Brian@mto.com
Michael.Doyen@mto.com

Chad Golder (New York Bar #4381356)
*Pro Hac Vice pending*
Sarah G. Boyce (District of Columbia Bar #1035243)
*Pro Hac Vice pending*
Munger, Tolles & Olson LLP
1155 F. St., NW, 7th Floor
Washington, DC 20004
Tel: (202) 220-1100  Fax: (202) 0220-2300
Chad.Golder@mto.com
Sarah.Boyce@mto.com

*AMICI CURIAE* MASSACHUSETTS UNIVERSITIES

Joseph M. Herlihy (BBO #548854)
General Counsel
Boston College
140 Commonwealth Avenue
Chestnut Hill, Massachusetts 02467
Tel.: 617-552-2855
joseph.herlihy.1@bc.edu

Erika Geeter (BBO # 635083)
Vice President and General Counsel
Sheila O'Leary(BBO #654920)
Associate General Counsel
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
Tel.: 617-353-2326
egeetter@bu.edu
soleary1@bu.edu

Steven S. Locke (BBO # 559614)
General Counsel
Brandeis University
MS 128 Brandeis University
415 South Street
Waltham, MA 02454-9110

Tel.: 781-736-3017
slocke@brandeis.edu

Robert W. Iuliano (BBO #550215)
Senior Vice President and General Counsel
Deputy to the President
Bradley E. Abruzzi (BBO #651516)
University Counsel
Harvard University
Smith Campus Center, Suite 980
1350 Massachusetts Avenue
Cambridge, Massachusetts 02138-3834
Tel.: 617-495-0876
robert_iuliano@harvard.edu
bradley_abruzzi@harvard.edu

Mark C. DiVincenzo (BBO #552818)
Vice President and General Counsel
Dahlia S. Fetouh (BBO #651196)
Counsel
Office of the General Counsel
Massachusetts Institute of Technology
77 Massachusetts Avenue, 7-206
Cambridge, MA  02139-4307
Tel.: 617-452-2082
mdiv@mit.edu
dfetouh@mit.edu

Ralph C. Martin, II (BBO #322660)
Senior Vice President and General Counsel
Office of the General Counsel
Northeastern University
360 Huntington Avenue – 378 CP
Boston, Massachusetts 02115
Tel.: 617-373-8664
r.martin@neu.edu

Mary R. Jeka (BBO #542004)
Senior Vice President and General Counsel
Tufts University
Office of the General Counsel
Ballou Hall, Third Floor
Medford, MA 02155
Tel.: 617-627-4220
Mary.Jeka@Tufts.edu

David A. Bunis (BBO #550570)  
Senior Vice President and General Counsel  
Worcester Polytechnic Institute  
100 Institute Road  
Worcester, MA 01609-2280  
Tel.: 508-831-4993  
dabunis@wpi.edu

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that on February 2, 2017 counsel for the *Amici Curiae* Massachusetts Universities conferred with counsel for the plaintiffs and the Commonwealth of Massachusetts, both of whom indicated their assent to this motion. I further certify that counsel for the *Amici Curiae* Massachusetts Universities conferred with counsel for the defendants, who do not object to the motion's filing.

/s/ Alan D. Rose

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on February 3, 2017.

/s/ Alan D. Rose